## Richmond

BOARD OF SUPERVISORS OF FAIRFAX COUNTY

V.

BOARD OF ZONING APPEALS OF FAIRFAX COUNTY, ET AL.

April 29, 1983.

Record No. 801820.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Russell, JJ., and Harrison, Retired Justice.

*B. L. Dunford-Jackson (B. Waugh Crigler; Davies, Crigler, Barrell & Will, P.C.*, on brief), for appellant.

*John G. Douglass (E. Suzanne Darling, Assistant Attorney General; H. Slayton Dabney, Jr.; McGuire, Woods & Battle*, on briefs), for appellees.

PER CURIAM.

Code § 15.1-497[1] permits any person aggrieved by a decision of a board of zoning appeals to seek review in the appropriate circuit

---

[1] **§ 15.1-497. Certiorari to review decision of board.** — Any person or persons jointly or severally aggrieved by any decision of the board of zoning appeals, or any taxpayer or any officer, department, board or bureau of the county or municipality, may present to the circuit court of the county or city a petition specifying the grounds on which aggrieved within thirty days after the filing of the decision in the office of the board.

Upon the presentation of such petition, the court shall allow a writ of certiorari to review the decision of the board of zoning appeals and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney, which shall not be less than ten days and may be extended by the court. The allowance of the writ shall not stay proceedings upon the decision appealed from, but the court may, on application, on notice to the board and on due cause shown, grant a restraining order.

court by a petition for a writ of certiorari. The petition must be presented to the court within thirty days after the filing of the decision in the office of the board. The instant case poses the question whether the successful applicant before the board of zoning appeals must be made a party to the certiorari proceeding within the thirty-day period prescribed by the Code section.

On June 12, 1979, the Board of Zoning Appeals of Fairfax County (the BZA) decided that the Valentine Health Club (Valentine) could expand its facilities without obtaining a non-residential use permit. On July 12, the Board of Supervisors of Fairfax County (the County Board) filed in the trial court a petition for certiorari seeking reversal of the BZA's decision. Only the BZA was named a party defendant.

On September 21, 1979, the trial court granted the County Board's petition for certiorari and ordered the BZA to return to the court by October 24 the full record of the proceedings involving Valentine. The BZA returned the record as directed.

On October 29, following argument on a demurrer filed by the BZA, the trial court ruled that Valentine was an indispensable party to the certiorari proceeding and that it should be joined as a defendant. Valentine was served with process on November 27.

On February 7, 1980, Valentine filed a motion to quash in which it asserted that the "entire Petition for Writ of Certiorari" was barred because the County Board had failed to make Valentine a party to the proceeding within the thirty-day period prescribed by Code § 15.1-497. Ruling that this failure was fatal to the County Board's petition, the trial court granted Valentine's motion to quash and ordered the certiorari action stricken from the docket. The County Board was granted this appeal.

The board of zoning appeals shall not be required to return the original papers acted upon by it but it shall be sufficient to return certified or sworn copies thereof or of such portions thereof as may be called for by such writ. The return shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from and shall be verified.

If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a commissioner to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review.

Costs shall not be allowed against the board, unless it shall appear to the court that it acted in bad faith or with malice in making the decision appealed from.

The BZA contends the trial court correctly held that the County Board's certiorari action was barred. The BZA maintains that Code § 15.1-497 both confers a right and provides the time within which the right may be exercised; hence, the thirty-day period prescribed by the statute is a limitation upon the right as well as the remedy, and the circuit court is without jurisdiction if the limitation is not met.

Citing *Webb* v. *United States Fidelity, Etc. Co.*, 165 Va. 388, 393, 182 S.E. 557, 559 (1935), the BZA submits that where a party is brought into a proceeding by an amended pleading, the proceeding is deemed to have commenced against that party at the time he is brought in. Accordingly, the BZA argues, the present proceeding was not commenced against Valentine until well after the thirty-day period had expired and, because Valentine was an indispensable party, the proceeding was barred. A denial of due process will result, the BZA concludes, unless Code § 15.1-497 is construed to require the joinder of all indispensable parties at the outset of a proceeding under the statute.

We disagree with the BZA. The proceeding in question is purely statutory in nature; hence, we must determine what the provisions of Code § 15.1-497 mandate for the proper institution of a proceeding thereunder. The Code section unambiguously requires only that an aggrieved person file a petition for certiorari within the prescribed thirty-day period and that the petition specify the grounds upon which the petitioner is aggrieved. No party other than the aggrieved person and the board of zoning appeals is mentioned in connection with the petition, and no action other than the filing of a proper petition within the prescribed period is declared necessary to complete the institution of the proceeding.

The statute goes on to provide that, upon the presentation of a petition, the court "shall allow a writ of certiorari." This language indicates that, if the petition is filed by a person aggrieved and is in proper form, the court is without discretion to deny a writ of certiorari. Finally, when issued, the writ is directed to the board of zoning appeals alone, and the writ requires the board's performance of a function that is purely ministerial, *viz.*, to return the record of the proceeding challenged in the petition.

Considering these factors, we believe it is clear that, until return on the writ of certiorari is made by the board of zoning appeals, the only necessary parties to a proceeding under Code § 15.1-497 are the aggrieved person and the board. Indeed, we be-

lieve this is the only reasonable interpretation of the statute because the court might not be able to determine the identity of all necessary parties until the record is returned by the board of zoning appeals, an event which ordinarily occurs after the expiration of the thirty-day period.

Once the return is made, however, and the absence of a necessary party is noted of record, the court should not proceed with the review contemplated by Code § 15.1-497 until that party has intervened or has been brought into the proceeding.[2] Thereupon, to avoid a possible claim of denial of due process, the new party should be permitted to raise any defects that may have occurred in the proceeding prior to his entry into the case.

We hold that the trial court erred in granting Valentine's motion to quash. Accordingly, we will reverse the judgment appealed from, reinstate the County Board's petition against both the BZA and Valentine, and remand the case for further proceedings.

*Reversed and remanded.*

---

[2] In *Packer* v. *Hornsby*, 221 Va. 117, 120, 267 S.E.2d 140, 141 (1980), a recent case involving Code § 15.1-497, the successful applicant before the board of zoning appeals followed the intervention route in the certiorari proceeding.