## CIRCUIT COURT OF GREENE COUNTY

R. F. Daniel, Jr.

v.

Zoning Appeals Board
of Greene County

March 29, 1993

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes to the court on writ of certiorari from the decision of the Greene County Board of Zoning Appeals denying the request of the Complainant, R. F. Daniel, Jr., for a special use permit to place a mobile home park in a residential R-1 district. The factual record before the court indicates that the Complainant submitted a proposal to the Board of Zoning Appeals to build a mobile home park on a tract of land located in Ruckersville, Virginia. This tract is zoned residential R-1, and, under § 15-4 of the Greene County Zoning Ordinance ("the Ordinance"), Mr. Daniel was required to obtain a special use permit before building the mobile home park.

Pursuant to other terms of the Ordinance, the Board of Zoning Appeals referred Mr. Daniel's application to the Planning Commission for a recommendation. The Commission conducted an initial review of the application and heard public comment on the matter during its June 17, 1992, meeting. Prior to rendering a decision, however, it asked Mr. Daniel to submit an economic impact study in support of his application, in a letter dated July 2, 1992. Mr. Daniel promptly complied with this request, submitting a written report to the Commission on or about August 7, 1992.

The impact study presented by Mr. Daniel in support of his application examined in considerable detail the proposed development's compliance with existing requirements of the Ordinance. It also ex-

plored the effect the development would have on the factors outlined in § 16–2-3.2 of the Ordinance, which governs the Board of Zoning Appeals' decisions in granting or denying an application for a special use permit. In particular, the study noted that an existing mobile home park is already located on the property, so that an expansion would not substantially alter the "character and established pattern of development" in the area. It further pointed out that the expansion would be largely shielded from adjacent properties by undeveloped land and that mobile homes located in the park would be located as close as possible to the existing internal roadway and away from neighboring property. The study also dealt with the impact of the expansion on septic and other county services and analyzed the possible negative impact on transportation patterns. In every case, the study concluded that there would be little or no negative impact on existing services beyond that required for the increased population inherent in any new development. Finally, the study noted that expanding the existing mobile home development is consistent with the County's Comprehensive Plan, which encourages the development of well-planned mobile home parks to satisfy the growing demand for affordable housing.

Despite the conclusion reached in the impact study, however, the Commission voted to recommend that Mr. Daniel's application for a special use permit be denied. The Commission cited a lack of information as its rationale, even though Mr. Daniel had provided all the information the Commission had requested of him. Upon hearing of the Commission's decision, Mr. Daniel submitted a letter, by counsel, to Mr. Ron Hachey, the Director of Planning for Greene County, in which he sought to provide the information cited by the members of the Commission. In that letter, dated August 21, 1992, Mr. Daniel examined several issues, including the tax consequences of the proposed development and its compliance with population density requirements in Greene County.

After the Commission's recommendation, the matter was referred to the Board of Zoning Appeals. An initial motion to deny Mr. Daniel's application failed on a tie vote, 2 to 2, with the fifth member of the Board, Mr. Ronald Morris, abstaining due to a potential conflict of interest. However, a subsequent motion to grant the application also failed on a tie vote, with the members of the board retaining their initial positions. Consequently, the Board ruled that the application was denied by the tie vote. Mr. Daniel then petitioned this court for a

writ of certiorari to review the decision of the Board of Zoning Appeals and was granted a hearing.

## Discussion

The principles of law governing judicial review of use-permit cases are the same as those governing judicial review of zoning enactments. *County Board of Arlington v. Bratic*, 237 Va. 221, 226–27 (1989). The Supreme Court has held that a Board of Zoning Appeals, acting under delegated power to grant or refuse special exceptions and special use permits, acts in a legislative capacity, so that there is a rebuttable presumption that its actions are reasonable. *Ames v. Painter*, 239 Va. 343, 347 (1990). A party seeking to overcome this presumption has the burden of producing probative evidence of unreasonableness. *Ames*, 239 Va. at 347. If he produces such evidence, the board's actions cannot be sustained by the reviewing court unless the Board produces evidence of reasonableness sufficient to make the question "fairly debatable." *Fairfax County v. Southland Corp.*, 224 Va. 514, 522–23 (1982).

In the case at bar, the court finds that the Complainant has produced sufficient evidence of unreasonableness to overcome any presumption of correctness the board's action may have had. Even if the court assumes, without deciding, that the Board's split decision was sufficient "action" to warrant a presumption of correctness, Mr. Daniel has presented the court with ample and detailed evidence that his proposed development would comply with the guidelines established in the Ordinance. Since these guidelines are the standards which the Board of Zoning Appeals *must* apply, the court concludes that Mr. Daniel's impact study is probative evidence of unreasonableness. Consequently, the Board's action cannot be sustained unless it produces enough evidence to make the relevant issues "fairly debatable."

## Fairly Debatable Standard

In considering a special use permit, a Board of Zoning Appeals must make sufficient findings of fact to permit effective review by the circuit court. *See, Packer v. Hornsby*, 221 Va. 117, 121 (1980). Va. Code § 15.1–497 provides that any party aggrieved by any decision of the board of zoning appeals may petition the circuit court for review. The Supreme Court has held that such review is not discretionary but must be made available to the aggrieved party as a matter of right. *Board of*

*Supervisors of Fairfax County v. Board of Zoning Appeals*, 225 Va. 235, 238 (1983). If a Board of Zoning Appeals fails to record an adequate factual basis for its decisions, the circuit court will be unable to adequately review the prior proceedings, and the aggrieved party will be denied his statutory right to judicial review. As the Supreme Court succinctly put it in *Ames*, the "fairly debatable" standard cannot be met by a silent record. 239 Va. at 350.

This is the most obvious difficulty in the case at bar. The court is inclined to agree with the Defendant's contention that many of the issues raised by Mr. Daniel are, in the abstract, subject to disagreement between reasonable people. This is not, however, the relevant inquiry under *Ames*. Under *Ames*, once an aggrieved party has made a sufficient evidentiary showing to overcome the presumption of correctness, as Mr. Daniel has done here, the Board must present *evidence* of its own to render the issue "fairly debatable." *Fairfax County v. Southland Corp.*, 224 Va. at 522–23. It is thus not the underlying factual issues which concern the court, but rather the evidence presented by the respective parties which must dictate the result. To be sure, the opponents of Mr. Daniel's proposal may be justified in their fears, but angry complaints and vague concerns cannot, standing alone, be enough. The Board must be able to point to some evidence of its own to confront Mr. Daniel's uncontroverted presentation.

## Policies and Standards

A more fundamental concern lies in the quasi-legislative nature of the Board of Zoning Appeals itself. Unlike an elected legislative body, the Board cannot be granted unfettered discretion to decide every issue as it sees fit. Rather, its grant of legislative authority must be subject to specific standards and policies to guide it in its decision-making. In the absence of "specific policies" and "definite standards," delegations of legislative power to bodies such as the Board of Zoning Appeals will be constitutionally invalid. *Ames*, 239 Va. at 349; *Chapel v. Commonwealth*, 197 Va. 406, 414 (1955). Where those guidelines have been established, they must be followed, and an action by a Board of Zoning Appeals in violation of such guidelines must be reversed as arbitrary and capricious.

In the case at bar, such direction has been amply provided by Section Fifteen of the Greene County Zoning Ordinance, which directs the Board to consider a list of factors before granting or denying a special

use permit. In his brief to the court, Mr. Daniel has examined each of these factors in turn and presented the court with evidence that his proposed development complies with the Ordinance. The Board, on the other hand, has presented virtually no "evidence" at all and has certainly failed to demonstrate that its decision was consistent with its own guidelines. The court can therefore find no basis in the record to support the Board's contention that its actions complied with the Zoning Ordinance.

### Conclusion

Since Mr. Daniel has presented sufficient evidence to overcome the presumption of reasonableness, the Board of Zoning Appeals' failure to present an adequate factual basis for the denial of the special use permit means that its action cannot be sustained. Accordingly, the decision of the Board will be vacated, and the case will be remanded to allow the Board the opportunity to offer evidence indicating that the denial of the special use permit was both reasonable and consistent with the Zoning Ordinance. *See Barrick v. Board of Supervisors of Mathews County*, 239 Va. 628, 630 (1990).[1]

---

[1] Although this case dealt with judicial review of a zoning ordinance and not the denial of a special use permit, the principles of law governing the two, as noted above, are identical. *Bratic*, 237 Va. at 226–27.