Present: Carrico, C.J., Compton,<sup>*</sup> Lacy, Hassell, Keenan, Koontz, and Kinser, JJ.

ALBERT J. LILLY, JR.,
ET AL.

OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 990746                          March 3, 2000

CAROLINE COUNTY, ET AL.

FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Richard J. Jamborsky, Judge Designate

In this appeal in a land use controversy, the issue is whether the trial court correctly ruled that landowners, aggrieved by a zoning administrator's oral decision, failed to exhaust administrative remedies by not filing a timely appeal to the board of zoning appeals, as required by statute.

The controversy involves the effort to construct a broadcast studio and office building, a 500-foot tower, and transmitting facilities for an FM radio station on a two-acre parcel in rural Caroline County.  In April 1998, the County's board of supervisors granted a special exception and a zoning ordinance amendment at the request of those seeking to establish the business.

In June 1998, appellants Albert J. Lilly, Jr., and Judith G. Lilly, owners of realty "in the vicinity" of the subject property and opponents of the project, filed the present

---
<sup>*</sup> Justice Compton participated in the hearing and decision of this case prior to the effective date of his retirement on

"Motion for Declaratory Judgment."  Appellees Caroline County;

Michael A. Finchum, as Director of Planning and Community

Development and as the County's Zoning Administrator; and others

(who have not appeared on appeal) were named defendants.

According to the motion, it "contests . . . the 'decision'"

of the zoning administrator "in determining that the

construction of a radio tower was a use permitted by right" in

the County's zoning ordinances. The motion sought various

relief, including a ruling that the zoning administrator's

determination "is without basis in the zoning ordinance, is

contrary to the terms of the zoning ordinance and is null and

void."

The County and Finchum (hereinafter, the defendants) filed

a special plea in bar seeking dismissal of the motion and

asserting that the plaintiffs' attempt to contest the decision

of the zoning administrator "is time barred."

In an October 1998 bench trial, the court considered

various documents, including copies of minutes of planning

commission and board of supervisors meetings.  The only witness

testifying was Finchum, who was called by the defendants.

Following the trial, the court sustained the plea and dismissed

the action in a January 1999 final order, from which we awarded

the landowners this appeal.

February 2, 2000.

There are very few disputed facts. When there is dispute, however, we will apply settled principles of appellate review and summarize the facts in the light most favorable to the defendants, the prevailing parties below.

In 1996, one Walter Abernathy came to Finchum's office explaining that he "had been working on trying to get an application and a permit for a radio station in Caroline County for several years and inquired as to the permitting procedure that would be necessary to get a facility at the location in question." Finchum told Abernathy that he "thought the tower and the transmitting facilities were permitted by right under the county's public utilities definition of the zoning ordinance, however a broadcast studio and any other structures would require a text amendment to the zoning ordinance."

Subsequently, after site plans had been filed for the tower and for the broadcast studio, Finchum prepared a text amendment to the ordinance that would permit by special exception in a rural preservation district the additional use of a radio/TV studio and office.

At a meeting held on December 17, 1997, the County's planning commission held a public hearing on the proposed amendment and on Abernathy's application for a special exception permit that would allow creation of the radio station, office, and broadcasting studio. During the public hearing, the

question whether construction of the radio tower was a "by-right" use, permitted under the zoning ordinance without any special exception permit, was posed by a commission member to Finchum. He responded "that it is conceivable that the tower can be placed anywhere without a special exception permit. He stated that he would research that prior to the next Planning Commission meeting," according to the minutes of the meeting.

Both plaintiffs were present at the December meeting, and Mr. Lilly, an attorney at law, spoke against construction of the tower. The commission voted to defer action on the two items until its January 1998 meeting.

During the commission meeting held January 28, 1998, the issue about the radio tower again arose in the context of the proposed ordinance amendment and application for a special exception permit. In response to a question from the chairman, Finchum stated that the tower "is a permitted use by right within the RP District," according to the minutes of the meeting.

Both plaintiffs were present at the January meeting. The commission then voted to forward both items to the County's board of supervisors.

During its meeting on February 24, 1998, the board of supervisors held a public hearing on the two items related to the proposed radio station. The question whether construction

of the radio tower was permitted under the zoning ordinance arose again.  Responding to a supervisor's question, Finchum "stated that he would investigate whether or not the tower and transmitting facility falls under the ordinance."  The County Attorney then said that such a determination would be made by the zoning administrator, whose interpretation could be appealed to the County's board of zoning appeals.

Both plaintiffs were present at the February meeting and both spoke against the proposed radio station and tower.  The board deferred action on the proposed zoning ordinance amendment and special exception application until its next meeting in March.

At the board meeting on March 10, 1998, action on the subject items was deferred to allow an absent supervisor to be present and to vote on the matters.

The board's next meeting was held on April 14, 1998. During the meeting, Finchum reminded the board that, during its February public hearing, it had "expressed concerns" about the "by-right use" issue.

According to the minutes of the meeting, the zoning administrator stated "that he had determined that the radio tower was a by-right use in the Rural Preservation zoning district."  The minutes further reflect that Finchum "explained that the radio tower, but not the office and broadcasting

5

facilities, could be built on the present site with or without approval of the special exception request. He added that his ruling could be appealed to the Board of Zoning Appeals."

Both plaintiffs were present at the April meeting. As we previously have noted, the board approved the zoning ordinance amendment and application for the special exception permit at that meeting. No one, including the plaintiffs, appealed the zoning administrator's April determination with respect to the radio tower being a "by-right" use.

The applicable law is clear. "In the land use context, a landowner may be precluded from making a direct judicial attack on a zoning decision if the landowner has failed to exhaust 'adequate and available administrative remedies' before proceeding with a court challenge." Vulcan Materials Co. v. Board of Supervisors, 248 Va. 18, 23, 445 S.E.2d 97, 100 (1994) (quoting Rinker v. City of Fairfax, 238 Va. 24, 29, 381 S.E.2d 215, 217 (1989)). A zoning administrator has "all necessary authority on behalf of the governing body to administer . . . the zoning ordinance." Code § 15.2-2286(A)(4). And, a person aggrieved by any decision of the zoning administrator has the right to appeal to the board of zoning appeals. Code § 15.2-2311. If this mandatory appeal is not timely filed, the administrative remedy has not been exhausted and the zoning administrator's decision becomes a "thing decided" not subject

6

to court challenge.  <u>Dick Kelly Enter. v. City of Norfolk</u>, 243 Va. 373, 378, 416 S.E.2d 680, 683 (1992).

The focus of this dispute is upon Code § 15.2-2311(A).  As pertinent, that statute provides that an appeal to the board of zoning appeals "may be taken by any person aggrieved . . . by any decision of the zoning administrator."  There is no requirement in the statute that the administrator's decision be in writing.  The statute further provides that "[t]he appeal shall be taken within thirty days after the decision appealed from by filing with the zoning administrator, and with the board, a notice of appeal specifying the grounds thereof."

The landowners contend the trial court erred in sustaining the special plea and in dismissing the motion for declaratory judgment.  They argue:  That "Finchum's decision was made prior to the commencement of the first public hearing of December 1997"; that the "comments made by Finchum at public meetings did not constitute notice of the decision"; that they were "not required to appeal a decision to the board of zoning appeals when such decision was made without their knowledge and without notice to them"; and that they were "not required to appeal a 'decision' to the board of zoning appeals which was voiced as to a matter not then pending before Finchum or [the] County."

We do not agree with any of these contentions. They are contrary to the evidence in the record and the trial court's findings of fact.

The trial court, in sustaining the special plea, found that a decision was made on April 14, 1998; that the decision "was communicated to" the landowners, who "had actual notice of that decision"; and that the landowners "did not comply with the code." These findings are based upon credible evidence.

The landowners' assertion that Finchum's decision was made prior to the December meeting has no support in the record. They argue that Finchum's testimony shows that "his decision that the tower was a use permitted by right was possibly made prior to November 1997, he had so stated to Abernathy in 1996; the tower site plan was approved November 10, 1997; and the building and zoning permits for the tower, issued by him or someone at his direction, could have been filed before December 1997."

However, the evidence is clear that the "decision" was made at the April meeting, when Finchum stated "that the radio tower was a by-right use in the Rural Preservation zoning district." A zoning administrator must make clear the basis of the decision, see Gwinn v. Alward, 235 Va. 616, 622, 369 S.E.2d 410, 413 (1988), and the foregoing statement complies with that requirement. The intended finality of that opinion was

buttressed by Finchum's April statement that his ruling could be appealed to the board of zoning appeals.

The landowners' assertion that the decision was made without their knowledge and without notice to them completely disregards the fact that they were present at the April board meeting when Finchum announced his decision.  Indeed, they were present and participated in the December, January, and February meetings when the radio tower issue was discussed. See Code § 15.2-2204(B) (party's active participation in proceeding waives right of party to challenge validity of proceeding due to failure to receive written notice required by statute).  At those meetings, arguably there was no finality to Finchum's opinion because, unlike the April meeting, decision on the issue was deferred until each succeeding meeting.

The landowners' final assertion that the decision was rendered in "a matter not then pending before" the zoning administrator or the County is also unsupported by the record. At each meeting, the radio-tower issue arose within the framework and within the context of the proposed zoning amendment and application for the special exemption.

This fact distinguishes the present case from Vulcan Materials, upon which the landowners rely.  There, we held that because no application was pending before any county administrative department for specific relief, the person was

9

not "aggrieved" within the meaning of the statute.  Thus, we said, any oral comments by county officials merely were advisory and no appeal to the board of zoning appeals was required.  248 Va. at 24, 445 S.E.2d at 100.  Here, there were applications for specific relief pending at the time Finchum announced his decision.

Consequently, we hold that the trial court did not err in sustaining defendants' special plea, and the judgment below dismissing the declaratory judgment motion will be

Affirmed.