# CIRCUIT COURT OF FAIRFAX COUNTY

In re October 31, 2012,
Decision of the
Board of Zoning Appeals
of Fairfax County

March 25, 2014

Case No. CL-2012-17764

By Judge Randy I. Bellows

Before the Court is Fairfax County's Motion to Dismiss for Failure to Name a Necessary Party. On March 21, 2014, the parties presented their arguments, and the Court took the matter under advisement. After considering the oral arguments and briefs of both parties and for the reasons discussed below, the Court denies Fairfax County's motion.

The Motion to Dismiss is denied because the Petitioner styled his petition as required by statute. Va. Code § 15.2-2314 mandates that a petition for writ of certiorari to review a decision of the Board of Zoning Appeals ("BZA") must be styled as follows: "In Re: [date] Decision of the Board of Zoning appeals of [locality name]." The Petitioner styled his petition as follows: "In Re: October 31, 2012, Decision of the Board of Zoning Appeals of Fairfax County." The statute does not require a petitioner to name the Board of Supervisors in the style of the case, but rather, requires the exact language that Petitioner used in his petition.

The County also raises the issue that, while the Secretary of the BZA was served with the petition, the Board of Supervisors was never served with the petition. While the Court does not read the statute to require a petitioner to name the Board of Supervisors in the style of the case, the Court does find that § 15.2-2314 requires a petitioner to serve the Board of Supervisors with the petition. The third paragraph of § 15.2-2314 states that "the governing body, the landowner, and the applicant before the board of zoning appeals shall be necessary parties to the proceedings." The Petitioner argues that it is the court's obligation to serve the Board of Supervisors after a writ issues and that the necessary parties are not brought into the case until the appeal has been granted. The Court rejects this view in light of the Virginia Supreme Court's opinion in *Board of Supervisors of Fairfax County v. Board of Zoning Appeals of Fairfax County*, 225 Va.

235, 302 S.E.2d 19 (1983). *Board of Supervisors* concerned a prior version of § 15.2-2314 that did not include the current provisions regarding the styling of the case and the identification of the necessary parties. *Id.* at 237. The issue in the case was whether the county's certiorari action was time barred for failure to join all indispensable parties at the outset of the proceeding. The Virginia Supreme Court held that, "until return on the writ of certiorari is made by the board of zoning appeals, the only necessary parties to a proceeding under Code § 15.1-497 are the aggrieved person and the board [of zoning appeals]." *Id.* at 238. The Supreme Court's rationale was as follows: "[W]e believe this is the only reasonable interpretation of the statute because the court might not be able to determine the identity of all necessary parties until the record is returned by the board of zoning appeals, an event which ordinarily occurs after the expiration of the thirty-day period." *Id.* at 238-39.

The Supreme Court's opinion in *Board of Supervisors* makes clear that some parties are necessary parties from the outset of the litigation. In 1983, those parties were the aggrieved person and the BZA. While the BZA by statute is no longer a party, the same statute now makes explicit that the "governing body," here, the Fairfax County Board of Supervisors, is a necessary party. And while the Supreme Court in *Board of Supervisors* noted that necessary parties might not be identified by the court until after the record is returned, that rationale was based on a statute that did not, unlike the current statute, explicitly name the necessary parties. (This does not mean that a court is precluded from identifying other necessary parties after the record is returned.) Therefore, because one of the explicitly named necessary parties is the "governing body," the petition must be served on the Board of Supervisors.

The failure to serve the Board of Supervisors with the petition may implicate the provisions of §§ 8.01-275.1 and 8.01-277, but it does not constitute grounds for dismissal on a Motion to Dismiss for Failure to Name a Necessary Party. As stated above, the petition was styled in accordance with the statute.

Therefore, Fairfax County's Motion to Dismiss is denied.