**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 26th day of February, 2015.

Sheila E. Frace, Trustee of the
 Sheila E. Frace Trust,                                         Appellant,

 against        Record No. 140676
                Circuit Court No. CL-2013-0017108

Leslie B. Johnson, Fairfax County
 Zoning Administrator,                                          Appellee.

                                    Upon an appeal from a
                                    judgment rendered by the Circuit
                                    Court of Fairfax County.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that the circuit court did not err when it dismissed the certiorari proceeding because the petitioner failed to timely name the Board of Supervisors of Fairfax County ("Board of Supervisors") as a party.  Therefore, the Court will affirm the judgment of the circuit court.

On May 21 and May 23, 2013, a Fairfax County Code Compliance Investigator responded to an anonymous complaint regarding the property of Sheila E. Frace ("Frace")[1] and subsequently issued a Notice of Violation.  Frace requested and obtained a hearing before the Board of Zoning Appeals of Fairfax County ("BZA") to contest the Notice of Violation.  On October 9, 2013, the BZA upheld the

---

[1] The record owner of the property is the Sheila E. Frace Trust.

violation determination of the Zoning Administrator of Fairfax County ("Zoning Administrator").

On November 8, 2013, Frace filed a petition for writ of certiorari in the Circuit Court of Fairfax County pursuant to Code § 15.2-2314, which permits a person "aggrieved by any decision of the board of zoning appeals" to seek judicial review in the appropriate circuit court within 30 days of the final decision of the board of zoning appeals.  Consistent with the first paragraph of Code § 15.2-2314, Frace styled her petition as follows:

> In RE: October 9, 2013 Decision of the Board of
> Zoning Appeals of Fairfax County.

She did not name the Board of Supervisors or any other party.  She served a copy of the petition on the Chair of the BZA; she did not serve any other entity or person.

Subsequently, the circuit court permitted the Zoning Administrator to intervene.  On January 10, 2014, the Zoning Administrator filed a motion to dismiss, arguing that Code § 15.2-2314 made the Board of Supervisors a necessary party to the proceeding.  Thus, Frace was required to name the Board of Supervisors as a party within the 30-day period.

On January 24, 2014, the circuit court held a hearing on the Zoning Administrator's motion to dismiss.  After hearing argument from counsel, the circuit court granted the motion, ruling that:

> The code section is crystal clear that the
> governing body is a necessary party to the
> proceeding.
>
> It is the basic rule of appellate
> procedure that you have to serve all necessary

2

parties. . . . Failure to serve, and the matter fails for that reason.

On appeal, Frace argues that the circuit court erred because she styled the petition precisely as required by the first paragraph of Code § 15.2-2314 and because the 30-day period is not jurisdictionally fatal. For these reasons, she contends that the circuit court should have allowed her to add the Board of Supervisors as a party to the proceeding after the 30-day statutory period, rather than dismissing the case.

A certiorari proceeding is "purely statutory in nature." Board of Supervisors v. Board of Zoning Appeals, 225 Va. 235, 238, 302 S.E.2d 19, 20 (1983) ("Board of Supervisors I"). Therefore, the provisions of Code § 15.2-2314 govern "the proper institution of a proceeding thereunder." Id. The interpretation of a statute presents a question of law that the Court reviews de novo. Perreault v. The Free Lance-Star, 276 Va. 375, 384, 666 S.E.2d 352, 357 (2008).

In Board of Supervisors I, the Court interpreted the predecessor statute to Code § 15.2-2314, former Code § 15.1-497, and concluded that "until return on the writ of certiorari is made by the board of zoning appeals, the only necessary parties . . . are the aggrieved person and the board [of zoning appeals]." 225 Va. at 238, 302 S.E.2d at 21. Accordingly, the Court permitted the petitioner to add necessary parties identified after the return was made. Id. at 239, 302 S.E.2d at 21. However, unlike Frace, the petitioner in Board of Supervisors I had made the necessary party identified by former Code § 15.1-497 — the board of zoning appeals — a party to the proceeding within the 30-day statutory period.

3

Id. at 238, 302 S.E.2d at 21 ("No party other than the aggrieved person and the board of zoning appeals is mentioned in connection with the petition . . . ."). Thus, the petitioner had properly instituted the proceedings under the statute.

In 2010, the General Assembly amended the first paragraph of Code § 15.2-2314 to prescribe the proper styling of the petition. 2010 Acts ch. 241. The General Assembly also inserted a paragraph (now the third unnumbered paragraph) explicitly providing that "[a]ny review of a decision of the board [of zoning appeals] shall not be considered an action against the board and the board shall not be a party to the proceedings." Id. Instead, the General Assembly provided that the "governing body," defined in Code § 15.2-102 as "the board of supervisors of a county," is a necessary party to proceedings initiated pursuant to Code § 15.2-2314. Id. As amended, Code § 15.2-2314 provides:

> Any person . . . aggrieved by any decision of the board of zoning appeals . . . may file with the clerk of the circuit court for the county or city a petition that shall be styled "In Re: [date] Decision of the Board of Zoning Appeals of [locality name]" specifying the grounds on which aggrieved within 30 days after the final decision of the board.
>
> Upon the presentation of such petition, the court shall allow a writ of certiorari to review the decision of the board of zoning appeals and shall prescribe therein the time within which a return thereto must be made and served upon the secretary of the board of zoning appeals or, if no secretary exists, the chair of the board of zoning appeals . . . .

4

Any review of a decision of the board
shall not be considered an action against the
board and the board shall not be a party to the
proceedings . . . .  The governing body, the
landowner, and the applicant before the board
of zoning appeals shall be necessary parties to
the proceedings.

The several paragraphs of Code § 15.2-2314 must be "read and considered as a whole . . . to determine the intent of the General Assembly from the words contained in the statute."  Department of Med. Assistance v. Beverly Healthcare of Fredericksburg, 268 Va. 278, 285, 601 S.E.2d 604, 607-08 (2004).  Moreover, if practicable, each paragraph must be given "sensible and intelligent effect." Id., 601 S.E.2d at 608.  As amended, Code § 15.2-2314 clearly signals that boards of zoning appeals are not necessary parties to certiorari proceedings.  In effect, the third unnumbered paragraph substitutes the "governing body" for the board of zoning appeals as the necessary governmental party.  The substitution reflects a governing body's interest in defending its zoning ordinances and the status of a board of zoning appeals as a quasi-judicial entity, the decisions of which are subject to review by a circuit court.[2] When read as a whole, the first three paragraphs provide for the proper institution of the proceeding in the circuit court, while the following paragraphs describe what must be contained in the return, standards for conducting the proceeding, and standards for rendering the decision.

---

[2] Although Frace suggests that the term "governing body" is ambiguous or contradictory, it is plainly defined in Code § 15.2-102 as "the board of supervisors of a county."  Further, Code § 15.2-102 plainly states that the definitions contained therein

5

Although the 2010 amendments changed the necessary parties to a certiorari proceeding, the rationale behind the decision in Board of Supervisors I remains valid. To properly institute proceedings under Code § 15.2-2314, an aggrieved person must give timely notice to the necessary parties identified by statute. See Board of Supervisors I, 225 Va. at 238, 302 S.E.2d at 21. Nothing in Code § 15.2-2314 suggests otherwise. Rather, the General Assembly expressly identified parties with an interest in the proceeding and who must be given notice and an opportunity to protect such interest.

Moreover, while the 30-day period "is not an aspect of the circuit court's subject matter jurisdiction," timely compliance with Code § 15.2-2314 is nonetheless required to trigger the circuit court's "active jurisdiction." See Board of Supervisors v. Board of Zoning Appeals, 271 Va. 336, 340, 343-44, 626 S.E.2d 374, 376, 378-79 (2006) ("Board of Supervisors II"). As stated in Board of Supervisors II, the 30-day filing requirement is a "statutory prerequisite" that could be considered "notice jurisdiction, [requiring] effective notice to a party" before a circuit court may exercise its subject matter jurisdiction. Id. at 345 & n.3, 626 S.E.2d at 379 & n.3 (internal quotation marks and citation omitted).

Although the 30-day filing requirement may be waived, no waiver occurred in the present case. See id. at 347-48, 626 S.E.2d at 381. In fact, the Zoning Administrator timely filed a motion to dismiss the present case, because Frace failed to name any necessary adverse party within the 30-day period. Frace never

apply throughout Title 15.2.

6

served the Board of Supervisors or otherwise attempted to make the Board of Supervisors a party to the proceeding, even after the Zoning Administrator filed the motion to dismiss.

Finally, compliance with the styling requirement in the first paragraph is only one of the statutory prerequisites that an aggrieved person must satisfy to obtain judicial review pursuant to Code § 15.2-2314.  To rule, as Frace argues, that an aggrieved party can comply with the first paragraph, but fail to timely name or serve the necessary parties identified in the third paragraph, and still preserve his or her right to obtain judicial review, renders the third paragraph superfluous.  It would also be contrary to our rulings in Board of Supervisors I and Board of Supervisors II.  An aggrieved party may comply with Code § 15.2-2314 by formatting the style of the petition as provided in the first paragraph and then naming the governing body as a necessary party in the body of the petition.[3]

For these reasons, we affirm the judgment of the Circuit Court of Fairfax County.  The appellant shall pay to the appellee two hundred and fifty dollars damages.

This order shall be published in the Virginia Reports and shall be certified to the said circuit court.

A Copy,

Teste:

Patricia L. Harrington, Clerk

---

[3] While ordinarily the names of all parties will be found in the caption, the statute dictates a different style in this case.