COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Athey and Fulton
Argued by videoconference


DAVID PARKER

v.     Record No. 1020-21-2

CITY OF PETERSBURG

MEMORANDUM OPINION* BY
JUDGE GLEN A. HUFF
MAY 3, 2022

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Dennis M. Martin, Sr., Judge

Terry R. Driskill for appellant.

Anthony C. Williams (City of Petersburg, on brief), for appellee.

*Amicus Curiae*: Local Government Attorneys of Virginia
(Michael W.S. Lockaby; Travis S. Andrews; Guynn, Waddell,
Carroll & Lockaby, P.C., on brief), for appellee.


David Parker ("appellant") was convicted in the Petersburg General District Court of

erecting a sign without a permit, a misdemeanor, in violation of Petersburg zoning ordinance

10-ORD-10. Appellant appealed that conviction to the Circuit Court for the City of Petersburg

(the "trial court"). Following a bench trial, appellant was again convicted of violating

10-ORD-10. On appeal, appellant asks this Court to hold that he did not violate 10-ORD-10

because his sign fell within an exemption to the ordinance for signs identifying a building used

for "religious purposes." For the reasons that follow, this Court affirms the trial court's decision.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I. BACKGROUND[1]

On August 12, 2019, appellant was issued a notice of violation by the City of Petersburg informing him that he was in violation of Petersburg ordinances for using his house as a church without a certificate of occupancy and for violating sign regulations. This notice was issued by Michelle Peters, the Director of Planning for the City of Petersburg, after she conducted an inspection of appellant's house to determine if he was complying with city ordinances. During the inspection, the director noted that appellant's house contained a room that appeared to be used as a sanctuary, but she could not determine how many seats it contained. Additionally, while she did not measure the size of the sign that hung above appellant's porch, she did judge it to be certainly larger than one square foot.[2] Appellant later conceded that the sign above his porch was eighteen square feet.

At trial, appellant testified that he used the building to host "religious meetings," but he did not consider the building to be a church. According to appellant, attendees of his gatherings parked either in a nearby city-established parking area, his driveway, or his front or back yards. Peters later testified that the City had not authorized a parking area at the address appellant had named.

Appellant considered appealing the notice of violation from the City to the Board of Zoning Appeals (the "BZA"), but he decided against it. Appellant never applied for permits either to operate his residence as a church or to erect his sign.

---

[1] On appeal, this Court "consider[s] the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the [City], the prevailing party at trial." *Williams v. Commonwealth*, 49 Va. App. 439, 442 (2007) (*en banc*) (quoting *Jackson v. Commonwealth*, 267 Va. 666, 672 (2004)).

[2] The City Code does not require a permit for residential signs up to one square foot in size. Petersburg City Code art. 21 § 5.1, app. B.

Appellant was issued a summons to appear before Petersburg General District Court, which alleged he had violated 10-ORD-10, a misdemeanor. He appealed his conviction in the general district court to the trial court, which also convicted him of violating 10-ORD-10. There, appellant argued that an exemption to 10-ORD-10, which applied to buildings "used for religious purposes," applied to his sign. But the trial court rejected this argument; it found that his residence was not a building "used for religious purposes" and that, regardless, he had "failed to exhaust [his] administrative remedies by timely appealing the [z]oning [d]etermination [to] the Board of Zoning Appeals." It also noted he had never requested the City to consider him eligible for the "religious purposes" exemption.

The trial court convicted appellant of violating Petersburg zoning ordinance 10-ORD-10, sentenced him to a $500 suspended fine, and ordered him to remove the sign within a year. This appeal followed.

## II. STANDARD OF REVIEW

Appellant's assignment of error hinges on the interpretation of Petersburg City ordinances, "a pure question of law subject to de novo review by this Court." *Renkey v. Cty. Bd. of Arlington*, 272 Va. 369, 373 (2006) (quoting *Va. Polytechnic Inst. v. Interactive Return Serv.*, 271 Va. 304, 309 (2006)).

## III. ANALYSIS

Appellant contends that by holding religious gatherings in his home, he qualifies for the religious building exemption to the City's sign ordinance.

Generally, Petersburg zoning ordinance 10-ORD-10 requires a permit for anyone to erect a sign within the City. Petersburg City Code art. 21 § 3, app. B ("City Code"). Appellant had no such permit. 10-ORD-10, however, does provide an exemption that allows for unregistered signs

of up to twenty-five square feet that identify "buildings used for religious purposes." City Code

art. 21 § 5.2, app. B. Appellant claims this exception applies to him.

The City's zoning law also provides that:

> No premises shall be used . . . or changed in use, until a certificate
> of occupancy and compliance shall have been issued by the
> building inspector, stating that the . . . proposed use of a building
> or premises complies with the building laws and provisions of
> these regulations.

City Code art. 30 § 2, app. B. One of the requirements a church or assembly room must meet to

obtain such a certificate are off-street parking requirements. City Code art. 19 § 1, app. B.

Churches or assembly rooms must have a certain number of parking spaces per seat in the

auditorium. City Code art. 19 § 6 (8)(b), app. B. Thus, to be "used" for a religious purpose

under Article 21 § 5.2, a building must receive a "certificate of occupancy and compliance"

showing that it satisfies applicable Petersburg building regulations, such as the parking

requirements in Article 19. *See* City Code art. 30 § 2, app. B.

Even assuming appellant's failure to appeal to the BZA does not doom his claim,[3] his

attempt to avail himself of the exception for buildings used for "religious purposes" still fails.

The "religious purpose" exemption does not apply to him because he never took the necessary

steps, outlined in Article 30 § 2, to certify his residence as being "used" for such a purpose.

Application of the religious-purposes exemption under the City Code first requires the issuance

---

[3] *See, e.g.*, *Bragg Hill Corp. v. City of Fredericksburg*, 297 Va. 566, 582-83 (2019) ("Once a landowner has elected to seek an administrative determination, a landowner cannot make a 'direct judicial attack on a zoning decision if the landowner has failed to exhaust adequate and available administrative remedies before proceeding with a court challenge.'" (quoting *Lilly v. Caroline County*, 259 Va. 291, 296 (2000))); *Dick Kelly Enters., Va. P'ship, No. 11 v. City of Norfolk*, 243 Va. 373, 379 (1992) ("The landowner had the opportunity, as a matter of right, to appeal to the BZA and then to the circuit court and, in the process, to raise every challenge it now makes to the City's interpretation of its ordinances. Instead, the landowner elected to ignore the required procedure and to make this direct judicial attack when confronted with an enforcement action [(i.e., a civil injunction suit by the City)].").

of a certificate of occupancy and compliance.  *See* City Code art. 30 § 2, app. B.  Appellant never sought the necessary certificate, and he blocked the inspection that would determine the prerequisites for such a certificate.  As appellant neither possessed a permit nor qualified for the exception he claims, his erection of the sign violated 10-ORD-10.

## IV.  CONCLUSION

This Court holds that the exemption for signs identifying buildings used for "religious purposes" under 10-ORD-10 does not apply under the current circumstances.  Therefore, this Court affirms the trial court's judgment.

*Affirmed.*