# COURT OF APPEALS OF VIRGINIA

## Record No. 2106-24-2

KENNON COPELAND, ET AL.

v.

GREENE COUNTY BOARD OF SUPERVISORS, ET AL.

Present: Chief Judge Decker, Judges Malveaux and Duffan
Argued at Richmond, Virginia

Opinion Issued April 14, 2026

## FROM THE CIRCUIT COURT OF GREENE COUNTY
David M. Barredo, Judge

John S. Koehler (The Law Office of James Steele, PLLC, on briefs), for appellants.

(Kelley M. Kemp; Andrew P. Selman; Sands Anderson PC, on brief), for appellee Greene County Board of Supervisors.

Terry Lynn (Law Offices of Terry Lynn PLLC, on brief), for appellee Carl Beard, Jr. as the Trustee of the Carl R. Beard, Jr. Revocable Trust.

## PUBLISHED OPINION BY
## JUDGE KEVIN M. DUFFAN

Kennon Copeland and Linda Nevins Copeland appeal the circuit court's orders granting judgment in favor of the Greene County Board of Supervisors on the Copelands' petition for writ of certiorari and civil complaint challenging the Board's issuance of a zoning certification for a farm winery to the Carl R. Beard, Jr. Revocable Living Trust (Beard). On appeal, the Copelands argue that the circuit court erred in finding that they failed to timely appeal the zoning administrator's decision to the Greene County Board of Zoning Appeals (BZA). They also contend that the county's zoning ordinance concerning farm wineries was invalid. Finding no error, we affirm.

BACKGROUND

Beard owns a 183.9-acre parcel that is zoned Agricultural (A-1) and Conservation (C-1). Greene County Zoning Ordinances 3-1-1 and 4-1-1 generally allow farm wineries "by-right" in A-1 and C-1 districts. Ordinance 16-21 includes a table detailing which farm winery activities are "By right," which are "By right with Zoning Clearance," and which require a special use permit. Under Ordinance 16-1-2, a landowner who wishes to change the use of an existing building must seek "[a] certificate of zoning compliance." If the proposed use complies with the ordinances, "the county shall issue the certificate." Greene County Ordinance 16-1-2.

Beard applied to the Greene County Planning Department for a zoning certification that the property could be used for "Farm Winery use with proposed buildings for wine tastings and events." On March 21, 2024, the Deputy Zoning Administrator issued Beard the zoning certification, determining that the proposed use was a by-right use under Ordinances 16-21-1 through 16-21-6. The administrator did not notify nearby landowners of the decision, but the planning commission announced the certification publicly at a hearing on April 17, 2024.

On May 10, 2024, the Copelands, among others, appealed to the BZA, asking it to invalidate the certification letter.[1] The BZA denied the appeal, finding that the certification was correct because the proposed farm-winery use was a by-right use.

In July 2024, the Copelands filed a petition for writ of certiorari and motion for restraining order, asking the Greene County Circuit Court to reverse the BZA decision (Case No. CL24-430). The petition and motion asserted that certification was improper because Beard lacked a license from the Alcoholic Beverage Control Authority (ABC) and the ordinance did not define a "farm

---

[1] Beard also applied for a special use permit, which the Board denied in August 2024. That decision was not before the circuit court and thus is not before this Court on appeal.

winery." Beard moved to dismiss the petition and opposed the motion, which were set for a hearing.

Later that month, the Copelands filed a complaint (Case No. CL24-462) in the circuit court, seeking a declaratory judgment that Ordinance 16-21 was invalid and requesting that Beard be enjoined from taking any action in furtherance of the approved farm winery.[2] They argued that the ordinance providing for agritourism events at farm wineries as a by-right use was invalid because the definition of "farm winery" referenced a repealed statute—Code § 4.1-207. They also argued that the uses approved by the zoning administrator exceeded the by-right uses. Beard and the Board both demurred. The circuit court set the demurrers for the same October 2024 hearing that would address the petition.

After hearing argument on the demurrers, the circuit court held that Beard had sought certification of zoning compliance and that Ordinance 16-1-2 did not give the zoning administrator the discretion to deny certification for by-right uses. The court also found that the zoning administrator was not required to give notice to nearby property owners when issuing a certification. Finally, the circuit court held that the Copelands' appeal to the BZA was untimely, given Code § 15.2-2311(A)'s 30-day time limit for appealing the zoning administrator's decision. Thus, the circuit court sustained the demurrers based on the Copelands' failure to exhaust administrative remedies and dismissed Case No. CL24-462 with prejudice.

After explaining that it was sustaining the demurrers for failure to exhaust, the circuit court proceeded to "address all the other issues" in the interest of "completeness." As relevant here, the court ruled that: (1) the repeal of Code § 4.1-207's definition of "farm winery" did not invalidate Greene County's ordinances concerning farm wineries; and (2) there was no requirement that a

---

[2] The circuit court ruled that the Copelands had standing but that several of the other plaintiffs did not. The Copelands do not challenge these standing determinations on appeal.

property owner obtain an ABC license before applying for a farm winery zoning certification. The Copelands withdrew their motion for a restraining order after the court's demurrer ruling.

Subsequently, the circuit court issued an "agreed order to dismiss with prejudice" the petition and motion for restraining order. That agreed order recited that "the same issues exist[ed]" in the petition and declaratory judgment action and that dismissal of the petition was warranted because "the issues . . . ha[d] already been litigated and decided" in the declaratory judgment action "and resulted in a judgment in favor of the defendants." The Copelands signed that agreed order "seen and objected to."

ANALYSIS[3]

We review a trial court's ruling on a demurrer de novo. *Brown v. Jacobs*, 289 Va. 209, 215 (2015). A demurrer tests the legal sufficiency of alleged facts, and we treat those facts as true without accepting the pleader's legal conclusions. *Murayama 1997 Trust v. NISC Holdings, LLC*, 284 Va. 234, 245 (2012).[4] "A certiorari proceeding is 'purely statutory in nature,'" and we review questions of law and statutory construction de novo. *Frace v. Johnson*, 289 Va. 198, 199 (2015) (order) (quoting *Bd. of Supervisors v. Bd. of Zoning Appeals*, 225 Va. 235, 238 (1983)).

*I. The Copelands failed to appeal to the BZA within the statutory 30 days, so the zoning certification is a "thing decided."*

Appellate courts "review a trial court's construction of statutory provisions de novo." *VACORP v. Young*, 298 Va. 490, 494 (2020). The Court's task "is to ascertain and give effect to

---

[3] The Board argues that the Copelands have failed to preserve any error regarding the petition, which they agreed to dismiss following the circuit court's ruling on the demurrers. Given that the issues largely overlap with the issues raised in the demurrers, we will assume without deciding that the Copelands preserved their arguments regarding the petition. We also decline to resolve this appeal based on Rule 5A:19, Rule 5A:20, or Rule 5A:26, as Beard urges.

[4] The Copelands do not contend that a demurrer is the improper vehicle for raising a failure to exhaust administrative remedies, and we do not address whether the statutory pleading requirements under Code § 8.01-235 apply in this context.

- 4 -

legislative intent, as expressed by the language used in the statute." *Norfolk Dep't of Hum. Servs. v. Goldberg*, 81 Va. App. 667, 676 (2024) (quoting *Verizon Va. LLC v. State Corp. Comm'n*, 302 Va. 467, 477 (2023)). "It is axiomatic" that "we must consider the statute as a whole, 'giving to every word and every part of the statute, if possible, its due effect and meaning.'" *Wintergreen Homestead, LLC v. Pennington*, 76 Va. App. 69, 76 (2022) (quoting *Chesapeake & Ohio R.R. v. Hewin*, 152 Va. 649, 653 (1929)).

"In the land use context, a landowner may be precluded from making a direct judicial attack on a zoning decision if the landowner has failed to exhaust adequate and available administrative remedies before proceeding with a court challenge." *Eubank v. Thomas*, 300 Va. 201, 207 (2021) (quoting *Vulcan Materials Co. v. Bd. of Supervisors*, 248 Va. 18, 23 (1994)). Exhaustion of administrative remedies is required when challenging the interpretation of a zoning ordinance. *Dick Kelly Enters., Va. P'ship No. 11 v. City of Norfolk*, 243 Va. 373, 378 (1992).

A "person aggrieved" by a zoning administrator's decision may appeal the decision to the board of zoning appeals "within 30 days after the decision appealed." Code § 15.2-2311(A). "If this mandatory appeal is not timely filed, the administrative remedy has not been exhausted and the zoning administrator's decision becomes a 'thing decided' not subject to court challenge." *Eubank*, 300 Va. at 207 (quoting *Lilly v. Caroline Cnty.*, 259 Va. 291, 296 (2000)). "In application, the thing-decided doctrine is generally invoked to bar landowners from collaterally attacking the validity of a zoning ordinance or a zoning administrator's decision where they failed to appeal a notice of violation or otherwise comply with the regulatory process." *MAD Props., LLC v. Cnty. of Augusta*, 83 Va. App. 141, 158 (2024) (collecting cases).

It is undisputed that the Copelands did not appeal to the BZA within 30 days of the zoning administrator's decision being sent to the *property owner*, as required by Code § 15.2-2311. Nonetheless, the Copelands argue that fundamental fairness requires that the 30-day appeal period

begin only after they, as "persons aggrieved," receive notice of the administrator's decision. Essentially, they argue their appeal cannot be barred as untimely when they were neither notified nor aware of the decision they seek to appeal.

While the Copelands argue it is unfair to subject them to a 30-day appeal deadline without requiring notice to them of the decision, the statute's requirements are clear and leave no room for the extra-textual exception the Copelands urge us to create. Put another way, "[w]e have no constitutional authority to judge whether a statute is 'unwise, improper, or inequitable' because the legislature, not the judiciary, is the sole 'author of public policy.'" *Tvardek v. Powhatan Vill. Homeowners Ass'n, Inc.*, 291 Va. 269, 279-80 (2016) (first quoting *Holly Hill Farm Corp. v. Rowe*, 241 Va. 425, 431 (1991); and then quoting *Campbell v. Commonwealth*, 246 Va. 174, 184 n.8 (1993)); *see also Williams v. Commonwealth*, 302 Va. 172, 177 n.4 (2023) (explaining that "[i]t is not the province of the courts to 'inquire into the wisdom of legislation'" (quoting *Hamilton v. Kentucky Distilleries & Warehouse Co.*, 251 U.S. 146, 161 (1919))).

We previously rejected an argument like the Copelands' in *Russell v. Concerted Care Group Fredericksburg, LLC*, No. 1782-23-4, 2025 Va. App. LEXIS 378 (July 1, 2025).[5] In *Russell*, the zoning administrator determined that the property owner's medical clinic was a by-right use but did not notify nearby homeowners of that decision until several months later. *Id.*, slip op. at 2, 2025 Va. App. LEXIS 378, at *2. This Court held that the homeowners' subsequent appeal to the board of zoning appeals was untimely and that the zoning administrator's decision had become a thing decided. *Id.*, slip op. at 8-9, 2025 Va. App. LEXIS 378, at *11-14. We rejected the homeowners' argument "that the time for appeal did not start until they received notice of the [d]etermination." *Id.*, slip op. at 9, 2025 Va. App. LEXIS 378, at *12. In doing so, we explained that the homeowners

---

[5] "Unpublished opinions of this Court, while having no precedential value, are nevertheless persuasive authority." *Otey v. Commonwealth*, 71 Va. App. 792, 799 n.3 (2020) (quoting *Samartino v. Fairfax Cnty. Fire and Rescue*, 64 Va. App. 499, 508 n.2 (2015)).

- 6 -

"ha[d] no legal interest in the property subject to the Zoning Administrator's Determination" and "were not required to receive notice under the Code." *Id.*, slip op. at 9, 2025 Va. App. LEXIS 378, at *13.

The same is true here. Code § 15.2-2311(A) requires certain notice to be provided to the owner of the land that is the subject of the decision and provides that "[t]he appeal period shall not commence" until the zoning administrator has complied with those notice requirements. But neither Code § 15.2-2311 nor any other statutory provision requires the zoning administrator to notify nearby landowners when the administrator issues a by-right determination.[6] Code § 15.2-2311 does not condition the start of the appeal period on notice to all potential aggrieved parties, but instead states that "[t]he appeal shall be taken within 30 days *after the decision appealed*." Code § 15.2-2311(A) (emphasis added). The statutory language is clear, and we are constrained by the law as currently written.[7] We are not unsympathetic to their position, but because the Copelands did not appeal the zoning administrator's decision, it became a thing decided not subject to attack.[8]

---

[6] The General Assembly has demonstrated that it knows how to require notice to adjoining landowners when it wishes to do so. *See, e.g.*, Code § 15.2-2204 (requiring written notice to landowners affected by a proposed amendment to a zoning ordinance).

[7] At oral argument, counsel for the Copelands argued that applying the statute in this way would be absurd. The anti-absurdity principle "applies in situations in which a purely literal reading forces the statutory text into an 'internally inconsistent' conflict or renders the statute 'otherwise incapable of operation.'" *Tvardek*, 291 Va. at 280 (quoting *Butler v. Fairfax Cnty. Sch. Bd.*, 291 Va. 32, 37 (2015)). Neither situation is at play here.

[8] *Lilly*, 259 Va. 291, does not aid the Copelands. There, the Supreme Court found that the nearby landowners' "assertion that the decision was made without their knowledge and without notice to them completely disregard[ed] the fact that they were present at the" board meeting where the decision was announced. *Id.* at 297. Like us, the Supreme Court decides cases "on the best and narrowest grounds available." *Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010)). The Court's conclusion that the landowners in *Lilly* had actual notice is not tantamount to a holding that actual notice was required to start the appeal period. Ultimately, the Court held that the landowners failed to exhaust their

*II. The circuit court properly interpreted Greene County's ordinance for farm wineries.*

In addition to challenging the correctness of the BZA's decision, the Copelands also challenge the validity of Greene County's ordinances. Greene County's zoning ordinances define a "farm winery" as "an establishment located on one or more lots in Greene County licensed as a farm winery under" Code § 4.1-207. Greene County Ordinance 22. The General Assembly has repealed Code § 4.1-207 and moved the statutory definition of farm winery to Code § 4.1-100. 2020 Va. Acts chs. 1113, 1114. According to the Copelands, the repeal nullified the county's definition of "farm winery," along with any right to establish farm wineries, because the ordinances authorizing farm wineries no longer reflect an express power granted by the General Assembly.

The Copelands' argument on this point is unpersuasive. The ordinances adequately establish the uses and prohibitions for farm wineries without depending on the isolated, repealed statutory definition. Ordinance 20-5 provides that "[s]hould any section or provisions of this ordinance be decided by the courts to be . . . invalid, such decision shall not affect the validity of the ordinance as a whole." If an "enabling statute and an ordinance can both be given effect, we 'harmonize them and apply them together.'" *Bragg Hill Corp. v. City of Fredericksburg*, 297 Va. 566, 579 (2019) (quoting *West Lewinsville Heights Citizens Ass'n v. Bd. of Supervisors*, 270 Va. 259, 266 (2005)).

Construing the ordinances to give meaning where possible, we conclude that Ordinance 16-21 remains meaningful without the outdated definition that refers specifically to Code § 4.1-207. Not only is the definition of farm winery contained in the same chapter of the Code under § 4.1-100, but Ordinance 16-21 contains detailed descriptions of the types of activities that a farm winery may engage in by right. Viewing the ordinances as a whole, we conclude that the legislature "would be

administrative remedies because they did not appeal within 30 days of the zoning administrator's decision. *Lilly*, 259 Va. at 297.

- 8 -

satisfied with what remains after the invalid part has been eliminated." *City of Portsmouth v. Citizens Tr. Co.*, 216 Va. 695, 699 (1976). Accordingly, we affirm the circuit court's conclusion that the ordinance's reference to Code § 4.1-207 does not void the ordinances governing farm wineries and that the zoning administrator appropriately relied on those ordinances in issuing the certification.[9]

CONCLUSION

Finding no error, we affirm the circuit court's judgment.

*Affirmed.*

---

[9] We conclude that an ABC license was not required as a prerequisite to the zoning certification. Code § 4.1-103 authorizes the ABC Board to control the "possession, sale, transportation and delivery of alcoholic beverages." But it does not grant the ABC Board any authority over land use and zoning. Rather, Code § 15.2-2280(1) authorizes local governments to classify and regulate land use and zoning districts. *See Norfolk v. Tiny House, Inc.*, 222 Va. 414 (1981) (distinguishing the powers granted to local governments from the ABC Board's powers). Deciding the case on the best and narrowest grounds, we decline to address any other issues raised by the third assignment of error. *See Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (holding that judicial restraint requires that we decide cases on the best and narrowest grounds).